IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **AMY GLADFELDER**, | Case No. 3:12-cv-02161-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **PACIFIC COURIER SERVICES, LLC** and **JAMES HOLMAN**, | |
| Defendants. | |

Patrick L. McGuigan, HKM Employment Attorneys PLLC, One World Trade Center, 121 S.W. Salmon St., Suite 1100, Portland, OR 97204. Attorneys for Plaintiff.

Christopher E. Hawk, Gordon & Rees LLP, 121 S.W. Morrison Street, Suite 1575, Portland, OR 97204. Attorneys for Defendant.

**Michael H. Simon, District Judge**.

Two motions are before the Court. The first motion, brought under Fed. R. Civ. P. 12(b)(6), is Defendants' Motion to Dismiss Plaintiff's ninth claim for relief, which alleges a state law tort of wrongful constructive discharge. (Dkt. 11.) This motion was filed by both Defendants on January 22, 2013. One week later, on January 29, 2013, Defendant Pacific Courier Services, LLC filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code (Dkt. 13-1), and on February 4, 2013, Defendants filed a Notice of Bankruptcy Case Filing, invoking the automatic stay as to Defendant PCS only. (Dkt. 13.) On February 5, 2013, Plaintiff filed her opposition to Defendants' Motion to Dismiss. (Dkt. 15.) On February 21, 2013, notwithstanding the automatic stay applicable to Defendant PCS, both Defendants submitted a joint reply in

support of their motion to dismiss. (Dkt. 16.) Based on the automatic stay applicable to Defendant PCS, the Court will treat Defendants' motion to dismiss as having been made only by Defendant James Holman. That motion (Dkt. 11) is **GRANTED**. The second motion before Court is Defendant Holman's Motion to Stay Case until the automatic stay applicable to Defendant PCS has been lifted. (Dkt. 25.) That motion is **DENIED**.

## BACKGROUND

Plaintiff, Amy Gladfelder, was employed as a staff accountant by Defendant Pacific Courier Services ("PCS") from September 7, 2011, until she resigned on June 28, 2012. First Am. Compl. ("FAC") at ¶¶ 4.3, 4.21 (Dkt. 6). Defendant James Holman is the sole owner and chairman of the board of PCS. FAC at ¶ 3.2. Plaintiff alleges that during her employment, Mr. Holman sexually harassed her and retaliated against her when she would not succumb to his inappropriate requests. FAC at ¶¶ 4.3-4.23. Plaintiff alleges that due "to sexual harassment, retaliation and hostile work environment, Plaintiff was forced to resign her position with PCS." FAC at ¶ 4.23.

Ms. Gladfelder asserts nine claims for relief based on Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, Oregon employment laws, Or. Rev. Stat. ("ORS") Ch. 659A, and the Oregon state-law torts of intentional infliction of emotional distress, negligent infliction of emotional distress, and wrongful constructive termination.

As stated above, on February 4, 2013, Defendants filed a notice of bankruptcy case filing for Defendant PCS only. Dkt. 13. Accordingly, pursuant to 11 U.S.C. § 362, the action against PCS is stayed. *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) (11 U.S.C. § 362 prohibits "continuing actions against the debtor that began or could have begun before the bankruptcy was filed[.]"). A bankruptcy stay, however, does not extend to solvent co-defendants.

*Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) ("There is nothing in [11 U.S.C. § 362] which purports to extend the stay to causes of action against solvent co-defendants of the debtor.").

## DISCUSSION

**A.      Defendant Holman's Motion to Dismiss Plaintiff's Ninth Claim for Relief**

Defendant Holman argues that Plaintiff's ninth claim for relief, alleging common law wrongful constructive termination (Plaintiff's "wrongful discharge" claim), must be dismissed because federal and Oregon statutory law provide an adequate remedy: "Plaintiff's wrongful discharge claim[] fails because Title VII and ORS Chapter [6]59A provide adequate statutory remedies for her retaliation claims." Defs.' Mem. at 3 (Dkt. 12). Plaintiff responds that federal and Oregon law do not provide for an adequate remedy. Pl.'s Opp'n at 4-7 (Dkt. 15).

The parties agree, however, that if "existing remedies adequately protect the employment related right . . . the Oregon Supreme Court has usually chosen not to recognize an additional common law remedy of wrongful discharge." *Carlson v. Crater Lake Lumber Co.*, 103 Or. App. 190, 193, *adhered to as modified on recon.*, 105 Or. App. 314 (1990). Based on *Carlson* and *Holien v. Sears, Roebuck & Co.*, 298 Or. 76 (1984), Plaintiff argues that federal and Oregon statutory remedies do not adequately protect employees from sexual harassment. In these two cases, the Oregon Court of Appeals and the Oregon Supreme Court, respectively, held that state and local statutory remedies "fail to capture the personal nature of the injury" when an employee is wrongfully discharged for resisting sexual harassment. In Holien, the Oregon Supreme Court explained:

> ORS 659.121 and Title VII fail to capture the personal nature of the injury done to a wrongfully discharged employe[e] as an individual and the remedies provided by the statutes fail to appreciate the relevant dimensions of the problem. Reinstatement, back pay, and injunctions

PAGE 3 – OPINION AND ORDER

> vindicate the rights of the victimized group without compensating the
> plaintiff for such personal injuries as anguish, physical symptoms of
> stress, a sense of degradation, and the cost of psychiatric care. Legal as
> well as equitable remedies are needed to make the plaintiff whole.

*Holien*, 298 Or. at 97; *see also Carlson*, 105 Or. App. at 194.

Defendant Holman contends, however, that *Carlson* and *Holien* are out-of-date and no longer good law because "both Title VII and ORS Chapter 659A have been amended to allow a plaintiff to recover additional types of damages." Defs.' Reply at 2 (Dkt. 16). Defendant Holman is correct. In fact, several federal cases from the District of Oregon support Defendant Holman's position. In *Battan v. Allwest Underground, Inc.*, No. 08-cv-707-BR, 2008 WL 4191467 (D. Or. Sept. 5, 2008), U.S. District Judge Anna Brown found that a 2007 amendment to Or. Rev. Stat. Chap. 659A provided an adequate remedy for retaliation claims:

> [T]he Oregon Legislature enacted House Bill 2260 in 2007, which added
> § 659A.030 to the list of provisions for which a jury trial and
> compensatory and punitive damages are available. House Bill 2260
> became effective on January 1, 2008 . . . .
>
> Thus, this Court, following *Thomas* [*v. City of Beaverton*, 379 F.3d
> 802 (9th Cir.2004)][1] and in light of the expanded damages provisions
> enacted in HB 2260, concludes Plaintiff's wrongful-discharge claim under
> Oregon common law is not available because § 659A.030(1)(f) provides
> adequate remedies to the extent Plaintiff intended to base his claim on
> wrongful discharge in retaliation for pursuing his right to be free from
> racial discrimination.

---

[1] In *Thomas*, the Ninth Circuit cited *Carlson* and stated: "Even assuming that the City discharged Thomas in retaliation for her opposition to retaliation against Perry, Thomas did not suffer the kind of personal injury that would warrant providing a common law remedy of wrongful discharge in addition to the existing state and federal statutory remedies for retaliation." 379 F.3d at 813. The Ninth Circuit did not rely on the 2007 amendments to Chapter 659A to reach this conclusion.

PAGE 4 – OPINION AND ORDER

2008 WL 4191467, at *6; *see also Whitley v. City of Portland*, 654 F. Supp. 2d 1194, 1225 (D. Or. 2009) (finding that ORS Chapter 659A provided adequate remedy for the plaintiff's retaliation claim and dismissing wrongful discharge tort claim).

Or. Rev. Stat. § 659A.885 governs civil actions under Chapter 659A. Section 659A.885(3) provides:

> (3) In any action under subsection (1) of this section alleging a violation of ORS 25.337, 25.424, *659A.030*, 659A.040, 659A.043, 659A.046, 659A.069, 659A.082, 659A.103 to 659A.145, 659A.199, 659A.230, 659A.250 to 659A.262, 659A.290, 659A.318 or 659A.421:
>
> > (a) The court may award, in addition to the relief authorized under subsection (1) of this section, *compensatory damages* or $200, whichever is greater, *and punitive damages*;
> >
> > (b) At the request of any party, *the action shall be tried to a jury*;
> >
> > (c) Upon appeal of any judgment finding a violation, the appellate court shall review the judgment pursuant to the standard established by ORS 19.415 (1); and
> >
> > (d) Any attorney fee agreement shall be subject to approval by the court.

(Emphasis added.)

As Judge Brown noted in *Battan*, § 659A.885(3) applies to claims brought under § 659A.030. Plaintiff does not identify in either her Complaint or her First Amended Complaint the specific subsections of Chapter 659A under which she brings her fourth, fifth, and sixth claims. *See* FAC at ¶¶ 8.1-10.3. Nevertheless, it appears to the Court, and was confirmed by Plaintiff's counsel during oral argument, that: (1) Plaintiff's fourth claim (alleging sex discrimination) is brought under § 659A.030(1)(b) (discrimination in conditions of employment); (2) Plaintiff's fifth claim (alleging retaliation) is brought

under § 659A.030(1)(f) (discrimination based on opposition to an unlawful practice); and

(3) Plaintiff's sixth claim (alleging hostile work environment) is brought under

§ 659A.030(1)(b) (discrimination in conditions of employment because maintaining a

hostile work environment is a subset of discrimination; *see Pa. State Police v. Suders,*

542 U.S. 129, 143 (2004) (holding that a "hostile work environment" is a type of sexual

harassment)). In addition, although Plaintiff does not expressly invoke § 659A.030(1)(g)

(aiding and abetting liability) but refers only to § 659A generally, it appears to the Court

that Plaintiff relies upon § 659A.030(1)(g) as the basis for Defendant Holman's personal

liability, in addition to PCS's alleged liability as Plaintiff's employer. In light of Or. Rev.

Stat. § 659A.885(3) inclusion of § 659A.030 among the provisions giving rise to a

personal claim for compensatory and punitive damages as well as a right to trial by jury,

Defendant Holman is correct when he argues that Oregon statutory law provides an

adequate remedy for Plaintiff's claimed injury and damages.

Plaintiff's only response to *Battan* and *Whitley* is to argue that these cases "are

unavailing in light of the contrary authority from the Oregon Supreme Court." Pl.'s Resp.

at 7. Because *Holien* and *Carlson* are the only authorities from Oregon appellate courts

that Plaintiff cites and both predate the amendments to § 659A.885(3) by more than a

decade, Plaintiff's argument in opposition to Defendant Holman's motion to dismiss

Plaintiff's ninth claim is unpersuasive.

**B.      Defendant Holman's Motion to Stay During PCS's Bankruptcy**

In his Motion to Stay Case, Defendant Holman invokes the Court's inherent

power to control its docket "in a manner which will promote economy of time and effort

for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.

1962). Defendant also correctly states that whether to exercise this power is left to the Court's discretion. *Id*. Defendant Holman argues that he will suffer if the case goes forward because discovery will be "duplicative and inefficient" and that he "will be required to needlessly duplicate his efforts." Def. Holman's Stay Mem. at 3 (Dkt. 25). Defendant Holman overstates his potential prejudice. It appears to the Court that the primary (albeit not exclusive) deposition discovery needed in this case will be the depositions of Plaintiff and Defendant Holman and that the necessary document discovery will be similarly modest and limited.

Defendant Holman also argues that "Plaintiff cannot demonstrate any harm" if the Court exercises its discretion to grant the requested stay until the Bankruptcy Court lifts the automatic stay applicable to Defendant PCS. Def. Holman's Stay Mem. at 3 (Dkt. 25). The Court, however, is sensitive to the directions and purposes of Rule 1 of the Federal Rules of Civil Procedure that the rules "should be construed and administered to secure the *just, speedy, and inexpensive* determination of every action and proceeding" (emphasis added).

Plaintiff alleges that she has "endured nine months of extreme sexual harassment and retaliation at the hands of Defendant Holman." Pl.'s Opp'n to Stay at 3 (Dkt. 27-1). The Court believes that Plaintiff is entitled to her "day in court" without having to wait an uncertain and indefinite period of time while Defendant PCS's Chapter 11 bankruptcy proceeding and automatic stay is resolved by the Bankruptcy Court. *See generally Dependable Hwy. Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."); *Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay). Accordingly, Defendant Holman's arguments in support of his motion to stay are unpersuasive.

PAGE 7 – OPINION AND ORDER

**CONCLUSION**

Because Plaintiff has the right to a jury trial and the right to seek compensatory and punitive damages for her fourth, fifth, and sixth claims, Oregon law provides an adequate remedy, and her ninth claim, alleging wrongful constructive termination, is dismissed. Defendant Holman's Motion to Dismiss Plaintiff's Ninth Claim (Dkt. 11) is **GRANTED**. Because Plaintiff has a right to have her "day in court" without undue delay, Defendant Holman's Motion to Stay Case (Dkt. 24) is **DENIED.**

Dated this 28th day of May, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge